**Ronald LAVERGNE**

v.

**AMERICAN FOREIGN STEAMSHIP CORPORATION and the S/S AMERICAN HAWK.**

**Civ. A. No. B–84–756–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 19, 1986.

Kevin Baird, Waldman, Smallwood & Grossman, Nederland, Tex., for plaintiff.

Mark Freeman, Wells, Peyton, Beard, Greenburg, Hunt & Crawford, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This action was commenced by Ronald Lavergne. In his original complaint filed on August 9, 1984, the plaintiff sought damages under 905(b) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 *et seq.*

This cause is now before this court on the defendant's motion for summary judgment.

## FACTS

The plaintiff was an employee of Coastal Marine Services of Texas, Inc. which was engaged by the defendant to clean all of the cargo tanks of the S/S AMERICAN HAWK. The tanks had previously held a petroleum substance and residue of this product remained in parts of the cargo tanks. This residue was to be cleaned away by Coastal so that the vessel could transport grain.

During the second day of the plaintiff's duties in relation to the HAWK, the plaintiff fell approximately seven to twelve feet in the No. 6 cargo tank. This tank had previously been cleaned to some extent by the crew of the vessel through the use of a Butterworth system. This procedure had been completed prior to Coastal entering the vessel.

The plaintiff alleges that this slippery condition was the cause of his accident and injuries therefrom. (Plaintiff's affidavit) The plaintiff contends that defendant was under a duty to intervene and protect the plaintiff from the improvident conduct of his employer.

It is the opinion of this court that the defendant's motion for summary judgment be granted and the plaintiff's complaint be dismissed.

■ "Once the contractor begins work, the vessel owner has no duty to supervise its work or to inspect the area assigned to the stevedore unless contract provisions, positive law or custom impose such a duty." *Duplantis v. Zigler Shipyards, Inc., et al.,* 692 F.2d 372, 374 (5th Cir.1982). Thus, the owner is entitled to rely on the expertise of the contractor. This reliance is not, however, justified when the owner is shown to have actual knowledge of the hazard or risk *and* actual knowledge that he cannot rely on the stevedore to remedy the situation. *Helaire v. Mobil Oil Corp.,* 709 F.2d 1031, 1038 (5th Cir.1983).

■ As noted in *Helaire,* the vessel owner's actual knowledge of a dangerous condition would not in and of itself make the owner liable. "It might well be reasonable for the owner to rely on the stevedore's judgment that the condition, though caused by negligence, was safe enough." *Helaire* at 1039, Footnote 12. Indeed, for an employee of a stevedore to recover from a vessel owner, he must show that the owner knew that the stevedore would not remedy the hazard.

The burden on the defendant is heavy where he moves for summary judgment, especially when the central issue is actual knowledge. "But that does not mean that a party against whom summary judgment is sought is entitled to a trial simply because he has asserted a cause of action to which state of mind is a material element. There must be some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975). *See also, Marian Fontenot v. The Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

Considerable discovery has been undertaken by both parties to this cause. The plaintiff has provided no competent and admissible proof that the defendant had actual knowledge that the stevedore would do nothing to remedy a hazardous condition or fail to intervene and protect the employees of the stevedore. The defendant has produced competent and admissible proof showing that the plaintiff had access to safety equipment.

It is clear that the stevedore, the plaintiff and the defendant knew the tank was hazardous. Thus, the first hurdle giving rise to a vessel owner's duty is cleared without question. The next hurdle hinges on the owner's actual knowledge, i.e., whether it knew that it could not rely on the stevedore to remedy a hazardous situation.

Since the stevedore supplied safety equipment to remedy the hazard which the plaintiff contends caused his injuries, it cannot be proved that the defendant had actual knowledge that the stevedore failed to remedy a hazardous condition. Had no safety equipment been supplied, then a genuine issue of fact would exist as to what the owner actually knew. Here, however, if the defendant knew anything at all, he knew that the tank was hazardous and that the stevedore had supplied safety belts or had in some way remedied a hazardous condition in a reasonable manner.

It is, therefore, so ORDERED that the plaintiff's complaint be DISMISSED, and the defendant's motion for summary judgment is GRANTED.